IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| K.M., | § | |
|    PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:20-CV-1578-N-BK |
| | § | |
| WILLIAM P. BARR, ET AL., | § | |
|    RESPONDENTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

  Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner K.M.'s petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition when appropriate. As stated herein, the petition should be **DISMISSED** for want of jurisdiction.

  K.M., an alien detainee, challenges under 8 U.S.C. § 1225(b)(1) his expedited removal order entered after an asylum officer concluded that he lacked a credible fear of persecution or torture. Doc. 1 at 1, 7. K.M. asserts that Respondents violated his "legal rights by improperly issuing an expedited removal order and concluding he lacks a credible fear of persecution." Doc. 1 at 8. He alleges that the "expedited removal order violates statutory and regulatory requirements, and due process." Doc. 1 at 8. He, thus, seeks (1) to vacate the expedited removal order and (2) "a fair chance to apply for asylum and other humanitarian forms of relief." Doc. 1 at 20-21.

  K.M. also sought to stay his removal pending a ruling by the Supreme Court in *Dep't of Homeland Sec. v. Thuraissigiam*, ___ U.S. ___, 140 S. Ct. 1959 (2020), which he concedes is directly applicable. Doc. 1 at 1-2; Doc. 1 at 5 ("There is nothing [that] distinguish[es] the instant

case from *Thuraissigiam*."). *Thuraissigiam* was decided shortly after Respondents were ordered to file a response, and its holding is contrary to K.M.'s position. Consequently, the Government opposes the relief sought and requests dismissal of the petition for want of jurisdiction. Doc. 9. Upon review, the Court concludes that it indeed lacks subject matter jurisdiction over this case.

In *Thuraissigiam*, the Supreme Court held that "neither the Suspension Clause nor the Due Process Clause of the Fifth Amendment requires any further review of [a Petitioner's expedited removal asylum] claims, and [that the Illegal Immigration Reform and Immigrant Responsibility Act's ("IIRRIA's")] limitations on habeas review are constitutional as applied." 140 S. Ct. at 1964. Specifically, the Court found that 8 U.S.C. § 1252(e)(2), "[t]he IIRIRA provision at issue … limits the review that an alien in expedited removal may obtain via a petition for a writ of habeas corpus." 140 S. Ct. at 1966 (noting that § 1252(e)(2) "allows habeas review of three matters: (1) "whether the petitioner is an alien"; (2) "whether the petitioner was ordered removed"; and (3) "whether the petitioner has already been granted entry as a lawful permanent resident, refugee, or asylee"). Thus, as in *Thuraissigiam*, the relief that K.M. seeks— a new credible fear interview and a stay of his deportation—"falls outside the scope of the writ as it was understood when the Constitution was adopted." 140 S. Ct. at 1971.

Based on *Thuraissigiam* and Section 1252(e)(2), the Court lacks jurisdiction to review the expedited removal order in this case. Therefore, K.M.'s petition for a writ of habeas corpus

should be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction.

**SO RECOMMENDED** on July 21, 2020.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).